IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

Michael Addison,  )
　　　　　　　　　　　　)  C.A. No. 1:09-CV-03086-MBS
　　　　Plaintiff,　　　 )
　　　　　　　　　　　　)
　　　v.　　　　　　　　 )
　　　　　　　　　　　　)  **ORDER AND OPINION**
The Travelers Indemnity Company of )
America, Jason Fulmer, and unknown )
Managers, administrators and adjusters )
of Defendant Travelers (collectively )
referred to as Defendants Doe),　　 )
　　　　　　　　　　　　)
　　　　Defendants.　　 )
_____)

## BACKGROUND

Plaintiff Michael Addison filed the within action in the Allendale County Court of Common Pleas on October 29, 2009 against Travelers Indemnity Company of America ("Travelers"), Jason Fulmer ("Fulmer"), and unknown managers, administrators and adjusters of Travelers ("Defendants Doe") (collectively "Defendants"). Plaintiff alleges claims for: 1) bad faith against Travelers; 2) breach of contract against Travelers; 3) negligence against all defendants; 4) civil conspiracy against all defendants; 5) barratry against all defendants; and 6) outrage against all defendants. Entry 7. This case was removed to federal court on November 25, 2009 based upon diversity of citizenship. Entry 1.

This case is before the court on Plaintiff's Motion to Remand, filed on December 18, 2009, on the grounds that there is a lack of complete diversity. Entry 7 at 1. Defendants filed a Memorandum in Opposition to Plaintiff's Motion to Remand and in Support of Defendants' Motion

1

to Dismiss[1] on January 4, 2010, on the grounds that Fulmer was fraudulently joined to defeat diversity. Entry 9. Plaintiff filed a reply on January 11, 2010. Entry 11.

## FACTS

The facts as alleged by Plaintiff are as follows. On March 15, 2008, Plaintiff's commercial property located in Allendale County was severely damaged by a tornado, resulting in physical and financial losses. At that time, Plaintiff, a resident of South Carolina, was insured by Travelers through an insurance contract. Travelers is a corporation organized under the laws of the State of Connecticut, with its principal place of business also in Connecticut. Entry 1 at 2. Plaintiff immediately filed a claim for damages with Travelers, and Fulmer was assigned to Plaintiff's claim. Fulmer is also a South Carolina resident. Travelers made an initial payment to Plaintiff. However, upon submission of other estimates, Defendants allegedly used delay tactics, and a year after Plaintiff's loss occurred, Defendants denied the remaining portion of Plaintiff's claim due to extensive damages which allegedly occurred because of Defendants' delayed response. The defendants listed in Plaintiff's complaint as Defendants Doe are alleged to be South Carolina residents.

## DISCUSSION

**I.  28 U.S.C. § 1441(a)**

A defendant or defendants desiring to remove any civil action from state court to a federal district court because the district court has original jurisdiction over the civil claim may do so under 28 U.S.C. § 1441(a). A district court has original jurisdiction over a civil action if the action either presents a federal question to the court, pursuant to 28 U.S.C. § 1331; or if the action consists of

---

[1] Defendant's Motion to Dismiss was filed on November 25, 2009. Entry 4.

parties with diverse citizenship and the amount in controversy equals or exceeds $75,000, pursuant to 28 U.S.C. § 1332.

II.     **Defendants Doe are fictitiously named defendants**

Defendants contend that Defendants Doe are in fact fictitiously named defendants and therefore, their citizenship should be disregarded for the purposes of removal. The last sentence of 28 U.S.C. § 1441(a) provides that "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). The statutory commentary regarding this last sentence describes how difficult it would be for a defendant to be able to remove a case if the plaintiff has not provided the names and citizenship of other parties and instead has sued them under fictitious names. This commentary specifically states that when defendants are given fictitious names, such as "John Doe," they are fictitiously named defendants. 28 U.S.C. § 1441(a) cmt. Based upon the foregoing, the court will disregard the citizenship of Defendants Doe in analyzing Plaintiff's motion to remand.

III.    **Whether Defendant Fulmer was Fraudulently Joined**

A.      Fraudulent Joinder

Under the doctrine of fraudulent joinder, "a district court can assume jurisdiction over a case even if . . . there are nondiverse named defendants at the time the case is removed." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232-33 (4th Cir. 1993)). In order to prove a party has been fraudulently joined, the removing party must prove either "outright fraud in the plaintiff's pleading" as to the citizenship of a party or that the plaintiff has "*no possibility* . . . of establishing a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (citing *Marshall*,

3

6 F.3d at 232). This heavy burden charges the removing party with the duty to prove "the plaintiff cannot establish a claim [against the allegedly fraudulent party] even after resolving all issues of law and fact in the plaintiff's favor." *Id* at 424. If there is any "arguably reasonable basis for predicting that state law might impose liability on the resident defendant under the facts alleged," the removing party will fail to meet its heavy burden and the nondiverse defendant will not be found to have been fraudulently joined. *Auto Ins. Agency, Inc. v. Interstate Agency*, 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citing *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979)).

B. <u>Negligence Cause of Action</u>

Under South Carolina law, a plaintiff must satisfy three elements in order to establish a cause of action for negligence: "(1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) damage proximately resulting from the breach of duty." *Charleston Dry Cleaners & Laundry, Inc. v. Zurich Am. Ins. Co.*, 586 S.E.2d 586, 588 (S.C. 2003) (citing *S.C. State Ports Auth. v. Boor-Allen & Hamilton, Inc.*, 346 S.E.2d 324 (S.C. 1986)). The parties only dispute the existence of a duty owed to Plaintiff in this case. Plaintiff contends the Court should assume that Fulmer had a duty to 1) exercise due care in adjusting Plaintiff's claim; and 2) not act in bad faith in processing and investigating his claim. Defendants argue that because Fulmer is not a party to the insurance contract, he owed Plaintiff no duty under the contract. "An affirmative legal duty to act exists only if created by a statute, contract, relationship, status, property interest, or some other special circumstance." *Id.* (citing *Carson v. Adgar*, 486 S.E.2d 3, 5 (S.C. 1997)).

In *Winburn v. Insurance Co. of North America*, an insured notified his insurer when the trawler the insured owned sank so that the insurer could assess the damages. 339 S.E.2d 142, 144 (S.C. Ct. App. 1985). After the insurer's adjuster assessed the damages, he recommended a

4

mechanic to the insured, who the insured hired. When the mechanic failed to complete the work to the satisfaction of the insured, the insured brought a negligence action against the insurer and its adjuster. *Id.* at 145. The insured's negligence action consisted of several theories, including negligent adjustment, and negligence in acting in bad faith and unreasonably processing his claim. *Id.* at 147-148. The court held the insured provided no evidence to demonstrate the manner in which the defendants were to adjust his claim. *Id.* at 147. In addition, because the insured and the adjuster were continually active in trying to settle the insured's claim, the insured failed to demonstrate any act of bad faith or unreasonable processing of his claim. *Id.* at 148.

In *Charleston Dry Cleaners & Laundry*, the Court held that "although the insurer owes the insured a duty of good faith and fair dealing, this duty of good faith arising under contract does not extend to a person who is not a party to the insurance contract." 586 S.E.2d 586, 588 (S.C. 2003). The *Charleston* court specifically held that two independent adjusters retained by an insurance company to adjust an insured's claim did not owe a duty to the insured. *Id.* at 588-589. The *Charleston* court emphasized that a company should not be held liable for the poor adjustment of an adjuster if the adjuster is not an employee of the insurance company. *Id.* at 589. The *Charleston* court was thus silent as to whether an in-house adjuster also owes no duty to an insured. The court infers that the *Charleston* court did not intend for this ruling to cover adjusters who are employees of insurance companies and who adjust claims specifically between their employer and its claimants.

In this case, Fulmer is an in-house adjuster for Travelers, indicating that he is employed by Travelers for the specific purpose of adjusting claims between Travelers and its policy holders. Since the facts as alleged by Plaintiff indicate that Fulmer acted in a way which prolonged and delayed any settlement of Plaintiff's claim, Plaintiff has an "arguably reasonable basis" for a state

court claim against Fulmer under a negligence theory. The court finds that Fulmer was not fraudulently joined and that complete diversity is therefore lacking. Because Plaintiff has a possible negligence claim in state court, the court will not address the plausibility of other claims presented against Fulmer in Plaintiff's complaint.

## **CONCLUSION**

Plaintiff's motion to remand (Entry 7) is **granted**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
District Court Judge

Columbia, South Carolina
August 17, 2010